IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WOODROW GILLISPIE and**
**VICKI GILLISPIE,**

        **Plaintiffs,**

**v.**

        **ELECTRONICALLY FILED**

        **CIVIL ACTION NO.:** 2:17-04393

**ERIE INSURANCE COMPANY,**

        **Defendant.**

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:**

Now comes the Defendant, Erie Insurance Property & Casualty Company ("Erie"), by and through counsel, Matthew J. Perry, Esquire and Lamp Bartram Levy Trautwein & Perry, PLLC, and respectfully avers as follows:

1. Woodrow Gillispie and Vicki Gillispie ("Plaintiffs") are citizens and residents of Logan County, West Virginia. *See Complaint, paragraph 1.*

2. Erie Insurance Property & Casualty Company ("Defendant") is a Pennsylvania corporation, authorized and doing business in the state of West Virginia.

3. On or about October 20, 2017, Plaintiffs filed their Complaint in the Circuit Court of Logan County, West Virginia, in a matter styled *Woodrow Gillispie and Vicki Gillispie v. Erie Insurance Company*, Civil Action No. 17-C-287 ("the State Court Action"). A copy of the Summons and Complaint in the State Court Action is attached hereto as "Exhibit 1."


4. On October 25, 2017, the West Virginia Secretary of State accepted service of the Summons and Complaint on behalf of Erie. The Secretary of State sent the Complaint and the Summons to Defendant, which was delivered on November 1, 2017. See "Exhibit 2."

5. According to the docket sheet from the Circuit Court of Logan County, a copy of which is attached hereto and incorporated herein as "Exhibit 3", the following documents are the only filings in the State Court Action:

   a. Summons and Complaint. *Exhibit 1.*

   b. Service Return of Summons Complaint from the West Virginia Secretary of State. *Exhibit 2.*

6. Pursuant to 28 USC §1446(a), a copy of all process, pleadings and orders received by Erie are attached hereto and incorporated herein through Exhibits 1 through 3.

7. The Complaint constitutes the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

8. In the Complaint, plaintiff alleges, *inter alia*, that:

   a. On or about August 26, 2017, Plaintiffs sustained a total loss to their dwelling and construction materials from a fire. *See Complaint, paragraph 16.*

   b. Plaintiff made a proper claim for said coverage, but defendant refused to pay plaintiffs benefits provided for under the policy. *See Complaint, paragraph 17 and 18.*

   c. Defendant's actions relative to Plaintiffs claims constitute a breach of contract resulting in damages to their dwelling and construction material, economic loss, aggravation, and inconvenience. *See Complaint, paragraph 22.*

    d. The Complaint asserts that Erie willfully, maliciously, and intentionally used unfair business practices. *See Complaint, paragraph 31.*

    e. The Plaintiff asserts that Erie violated West Virginia's Unfair Claims Settlement Practices Act, WV Code §33-11-4(9). *See Complaint, paragraph 33.*

    f. The Complaints seeks an award of policy proceeds (which are in excess of $75,000.00), economic loss, aggravation, inconvenience, attorney fees, punitive damages, prejudgment interest, court costs, and such other discretionary relief deemed appropriate. *See Complaint, Demand.*

9. This action is removable to this Court because, *inter alia*:

    a. A defendant may remove "any civil action brought in a State court, of which the district courts of the Unites States "have original jurisdiction . . . " 28 U.S.C. §1441(a).

    b. The federal district courts "have original jurisdiction of" all civil actions where "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different states." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1332.

    c. The matter in controversy, as set forth in the Complaint, exceeds the sum of $75,000.00, exclusive of interest and costs.

    d. This action is between "citizens of different States," i.e., a citizen of the State of West Virginia (Plaintiff) and a citizen of Pennsylvania (Defendant).

10. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty days after receipt by removing Defendant, through service of otherwise, of the initial pleading setting forth the claims for relief upon which the state case is based.

11. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff. Moreover, a true and correct copy of this Notice of Removal will be filed promptly with the Circuit Court of Logan County, West Virginia.

WHEREFORE, the Defendant Erie Insurance Property & Casualty Company prays that this cause be and hereby is removed to this Court, that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for all further proceedings, as though the action had been originally filed in this Court.

**ERIE INSURANCE PROPERTY & CASUALTY COMPANY**

**BY COUNSEL**

/s/ Matthew J. Perry
Matthew J. Perry, Esquire WVSB 8589
**LAMP BARTRAM LEVY TRAUTWEIN & PERRY, PLLC**
720 Fourth Avenue
Post Office Box 2488
Huntington, WV 25725-2488

(304) 523-5400
(304) 523-5409
mperry@lbltplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WOODROW GILLISPIE and
VICKI GILLISPIE,**

        **Plaintiffs,**

v.

**ERIE INSURANCE COMPANY,**

        **Defendant.**

ELECTRONICALLY FILED

CIVIL ACTION NO.:  2:17-04393

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served this 22nd day of November 2017 upon the following via first class United States mail:

>Jeffrey S. Simpkins, Esquire
>Simpkins Law
>102 E. 2nd Avenue
>Williamson, WV 25661

>Mark A. McGrew
>Logan County Circuit Clerk
>300 Stratton Street, Room 311
>Logan, WV 25601

                                    /s/ Matthew J. Perry