IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

WOODROW GILLISPIE and
VICKI GILLISPIE,

      Plaintiffs,

v.

                                          Civil Action No. 17-C-287

ERIE INSURANCE COMPANY,

      Defendant.

TO:    Secretary of State Mac Warner

SERVE:    Erie Insurance Company
                c/o Sean J McLaughlin
                100 Erie Insurance Place
                Erie PA 16530

## SUMMONS

Within **30 days** after service of this Summons on you, exclusive of the day of service, you are required to file and serve an Answer, including any defense or counterclaim, to the Complaint delivered herewith. You must file your Answer with the Court and serve a copy thereof on the Plaintiff's Attorney:

JEFFREY S SIMPKINS ESQ
*SIMPKINS LAW*
102 E 2ND AVE
WILLIAMSON WV 25661

If you fail to respond, judgment by default will be entered against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any defense or counterclaim that must be asserted in this action.

Date: 20 October 2017

_____
Circuit Clerk

By:    _____
        Deputy Clerk

EXHIBIT
one



IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

WOODROW GILLISPIE and
VICKI GILLISPIE,

    Plaintiffs,

v.                                    Civil Action No. 17-C-287

ERIE INSURANCE COMPANY,

    Defendant.

## COMPLAINT

Now come Plaintiffs WOODROW GILLISPIE and VICKI GILLISPIE (collectively "Plaintiffs GILLISPIE"), by counsel, Jeffrey S. Simpkins, and for this cause of action against Defendant Erie Insurance Company ("Defendant ERIE"), hereby avers as follows:

### PARTIES

1. Plaintiffs GILLISPIE are and were at all times relevant herein West Virginia citizens and Logan County residents with a mailing address of Post Office Box 134, Bruno, West Virginia 25611.

2. Defendant ERIE is and was at all times relevant herein a Pennsylvania Corporation with a principal office address of 100 Erie Insurance Place, Erie, Pennsylvania 16530.

### JURISDICTION AND VENUE

3. Logan County Circuit Court has original and general jurisdiction pursuant to West Virginia Code § 51-2-2(b).

4. Venue is proper in Logan County Circuit Court pursuant to West Virginia

Code § 56-1-1(a)(1).

## FACTS

5. Plaintiffs GILLISPIE owned and maintained a dwelling at the residence premises located at 185 Sandlick Road, Bruno, Logan County, West Virginia 25611.

6. Plaintiffs GILLISPIE purchased ErieSecure Rental Insurance Policy Number Q568105807 from Defendant ERIE through Insurance Center of Harrisonburg.

7. The effective policy period was 31 August 2016 to 31 August 2017.

8. Pursuant to the ErieSecure Rental Insurance Policy Agreement, Defendant ERIE promised to pay Plaintiffs GILLISPIE for loss caused by fire to the dwelling and construction material at the residence premises.

9. After an inspection by Defendant ERIE, Plaintiffs GILLISPIE were directed to make certain improvements to the dwelling at the residence premises, namely to install railing around the front porch, to repair uneven steps, and to remove a solid fuel burning stove.

10. On 17 October 2016, Defendant ERIE mailed a Notice of Cancellation to Plaintiffs GILLESPIE with an effective date of November 21, 2016.

11. Prior to receipt of the Notice of Cancellation, Plaintiffs GILLISPIE made the improvements as directed by Defendant ERIE and provided photographic proof of the same to Defendant ERIE through Defendant ERIE's agent, Wesley Walls ("Agent Walls").

12. Upon receiving the Notice of Cancellation and a premium refund check, Plaintiffs GILLESPIE contacted Agent Walls and inquired if the policy was still in effect.

13. On 7 November 2016, fourteen (14) prior to the effective policy cancellation date, Agent Walls directly communicated to Plaintiffs GILLISPIE that the policy was good

and directed Plaintiffs GILLISPIE to dispose of the policy refund check. *See Exhibit #1.*

14. Defendant ERIE continued to accept automatic electronic funds transfer premium payments from Plaintiffs GILLISPIE after the nullified effective policy cancellation date.

15. Plaintiffs GILLESPIE made timely premium payments and otherwise complied with all of the provisions of the policy.

16. On or about 26 August 2017, the dwelling and construction material at the residence premises were totally destroyed by fire.

17. Plaintiffs GILLESPIE timely provided Defendant ERIE with notice of the loss and complied with all of the provisions of the policy after the date of loss.

18. Defendant ERIE has failed and refused to indemnify Plaintiffs Gillespie pursuant to the ErieSecure Rental Insurance Policy Agreement.

## SUMMARY OF CASE

19. Defendant ERIE unilaterally breached the insurance agreement, violated the doctrine of reasonable expectations, breached the duty of good faith and fair dealing, engaged in unfair claims settlement practices, and is estopped from denying coverage.

## BREACH OF CONTRACT

20. Plaintiffs GILLISPIE adopt and incorporate the preceding averments by reference as if fully set forth verbatim herein.

21. The refusal of Defendant ERIE to pay Plaintiffs GILLISPIE for the loss to the dwelling and construction material at the residence premises is a breach of the ErieSecure Rental Insurance Policy Agreement.

22. Plaintiffs GILLISPIE have sustained compensatory damages in excess of

the jurisdictional limit of Logan County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and attorney fees, as a direct and proximate result of Defendant ERIE'S breaching of the ErieSecure Rental Insurance Policy Agreement.

## DOCTRINE OF REASONABLE EXPECTATIONS

23. Plaintiffs GILLISPIE adopt and incorporate the preceding averments by reference as if fully set forth verbatim herein.

24. Pursuant to the communications and representations of Defendant ERIE's agent to Plaintiffs GILLISPIE, Defendant ERIE created an objective reasonable expectation of insurance coverage to Plaintiff GILLISPIE. See Syllabus Point 5, *New Hampshire Insurance Company v. RRK, Inc., d/b/a Showboat Marina*, 230 W.Va. 52, 736 S.E.2d 52 (2012); Syllabus Point 1, in part, *Keller v. First National Bank*, 184 W.Va. 681, 403 S.E.2d 424 (1991).

25. Based upon Defendant ERIE's continued acceptance of timely premium payments from Plaintiffs GILLESPIE, Defendant ERIE created an objective reasonable expectation of insurance coverage to Plaintiffs GILLISPIE. See Syllabus Point 5, *New Hampshire Insurance Company v. RRK, Inc., d/b/a Showboat Marina*, 230 W.Va. 52, 736 S.E.2d 52 (2012); Syllabus Point 1, in part, *Keller v. First National Bank*, 184 W.Va. 681, 403 S.E.2d 424 (1991).

26. Defendant ERIE's failure to indemnify Plaintiffs Gillespie in accordance with the ErieSecure Rental Insurance Policy Agreement after creating an objective reasonable expectation of insurance coverage to Plaintiffs GILLESPIE is a violation of the doctrine of reasonable expectations.

27. Plaintiffs GILLISPIE have sustained compensatory damages in excess of the jurisdictional limit of Logan County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and attorney fees, as a direct and proximate result of Defendant ERIE's violation of the doctrine of reasonable expectations.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs GILLISPIE adopt and incorporate the preceding averments by reference as if fully set forth verbatim herein.

29. Defendant ERIE has breached the duty of good faith and fair dealing by compelling Plaintiffs GILLISPIE to institute litigation against Defendant ERIE to recover payment due under the policy.

30. Plaintiffs GILLISPIE have sustained compensatory damages in excess of the jurisdictional limit of Logan County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and attorney fees, as a direct and proximate result of Defendant ERIE's breaching of the duty of good faith and fair dealing.

31. Defendant ERIE willfully, maliciously, and intentionally used unfair business practices in failing to settle Plaintiffs GILLISPIE's claim, thereby entitling Plaintiffs GILLISPIE to punitive damages.

## UNFAIR CLAIMS SETTLEMENT PRACTICES

32. Plaintiffs GILLISPIE adopt and incorporate the preceding averments by reference as if fully set forth verbatim herein.

33. Defendant ERIE has violated Unfair Claims Settlement Practices provisions [West Virginia Code § 33-11-4(9)] of the West Virginia Unfair Trade Practices Act [West Virginia Code § 33-11-4 et seq.] by engaging in separate, discreet acts and

omissions regarding Plaintiffs GILLISPIE's claim such as the following: (a) misrepresenting pertinent facts or insurance policy provisions related to coverages at issue; (b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear; (g) compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered; (h) attempting to settle a claim for less than the amount to which a reasonable person would have believed he/she was entitled by reference to written or printed advertising material accompanying or made part of an application; (i) attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured; (j) making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; (k) making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; (l) delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit

a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both which submissions contain substantially the same information; (m) failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or (o) failing to notify the first party claimant and the provider(s) of services covered under accident and sickness insurance and hospital and medical services corporation insurance policies whether the claim has been accepted or denied and if denied, the reasons therefor, within fifteen calendar days from the filing of the proof of loss.

34. Upon information and belief, Defendant ERIE has engaged in unfair claims settlement practices with such frequency and pervasiveness as to indicate a general business practice.

35. Plaintiffs GILLISPIE have sustained compensatory damages in excess of the jurisdictional limit of Logan County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and attorney fees, as a direct and proximate result of Defendant ERIE's unfair claims settlement practices.

36. Defendant ERIE willfully, maliciously, and intentionally used unfair business practices in failing to settle Plaintiffs GILLISPIE's claim, thereby entitling Plaintiffs GILLISPIE to punitive damages.

## ESTOPPEL

37. Plaintiffs GILLISPIE adopt and incorporate the preceding averments by

reference as if fully set forth verbatim herein.

38. Based upon the detrimental reliance of Plaintiffs GILLISPIE on the communications and representations of Defendant ERIE regarding the sustained operation of the policy and the continued acceptance by Defendant ERIE of premium payments from Plaintiffs GILLISPIE, Defendant ERIE is estopped from denying coverage.

## DEMAND

Plaintiffs GILLESPIE hereby demand judgment against Defendant ERIE in excess of the jurisdictional limits of Logan County Circuit Court, including, but not limited to, the policy proceeds, economic loss, aggravation, inconvenience, attorney fees, punitive damages, prejudgment interest, court costs, and such other discretionary relief deemed appropriate under the circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL**

**PLAINTIFFS WOODROW GILLISPIE and VICKI GILLISPIE
By Counsel**

*/s/ Jeffrey S. Simpkins*
Jeffrey S. Simpkins, Esq.
WVSB #9806
*SIMPKINS LAW*
102 E. 2nd Ave.
Williamson, WV 25661
304.235.2735
simpkinslawoffice@gmail.com

EXHIBIT #1

2017 OCT 20 P 2: 19

EXHIBIT #1

EXHIBIT #1

 Wesley Walls 


> Hey w s he just got a check saying his policy is cancelled

No worries. That's because the work needed to be done was past the time period. Just throw away

 It crossed

> So throw the away he's still in effect

 Yes it crossed in the mail. The policy is good.

     





Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305

USPS CERTIFIED MAIL



9214 8901 1251 3410 0002 1806 80

ERIE INSURANCE COMPANY
SEAN J. MCLAUGHLIN
100 Erie Insurance Place
Erie, PA 16530